# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **GEOTAG, INC.** | § | |
| | § | |
| *Plaintiff*, | § | **C.A. NO. 2:11-cv-00404-MHS-CMC** |
| | § | |
| **v.** | § | |
| | § | |
| **EYE CARE CENTERS OF AMERICA** | § | **JURY TRIAL DEMANDED** |
| **INC.,** *et. al.* | § | |
| | § | |
| *Defendants*. | § | |

## CRABTREE & EVELYN, LTD.'S
## ANSWER, DEFENSES AND COUNTERCLAIMS IN RESPONSE TO
## PLAINTIFF GEOTAG, INC.'S FIRST AMENDED COMPLAINT

Defendant Crabtree & Evelyn, Ltd. ("Crabtree & Evelyn") files this answer to Plaintiff Geotag, Inc.'s ("Geotag" or "Plaintiff") First Amended Complaint ("Amended Complaint"), and hereby states as follows:

### PARTIES

1.       Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint and therefore denies those allegations.

2.       Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and therefore denies those allegations.

3.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint and therefore denies those allegations.

4.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint and therefore denies those allegations.

5.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint and therefore denies those allegations.

6.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint and therefore denies those allegations.

7.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and therefore denies those allegations.

8.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and therefore denies those allegations.

9.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint and therefore denies those allegations.

10.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint and therefore denies those allegations.

11.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint and therefore denies those allegations.

12.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint and therefore denies those allegations.

13.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint and therefore denies those allegations..

14.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and therefore denies those allegations.

15.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint and therefore denies those allegations.

16.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint and therefore denies those allegations.

17.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint and therefore denies those allegations.

18.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint and therefore denies those allegations.

19.     Crabtree & Evelyn admits that it is a Delaware corporation with a principal place of business at 102 Peake Brook Road, Woodstock, Connecticut.  Crabtree & Evelyn admits that The Corporation Trust Company is its agent for service of process.  Crabtree & Evelyn denies the remaining allegations of Paragraph 19.

20.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint and therefore denies those allegations.

21.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint and therefore denies those allegations.

22.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and therefore denies those allegations.

23.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint and therefore denies those allegations.

24.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint and therefore denies those allegations.

25.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint and therefore denies those allegations.

26.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and therefore denies those allegations.

27.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and therefore denies those allegations.

28.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and therefore denies those allegations.

29.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint and therefore denies those allegations.

30.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint and therefore denies those allegations.

31.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint and therefore denies those allegations.

32.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint and therefore denies those allegations.

33.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint and therefore denies those allegations.

34.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint and therefore denies those allegations.

35.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint and therefore denies those allegations.

36.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint and therefore denies those allegations.

37.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint and therefore denies those allegations.

38.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint and therefore denies those allegations.

39.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint and therefore denies those allegations.

40.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint and therefore denies those allegations.

41.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint and therefore denies those allegations.

42.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint and therefore denies those allegations.

## JURISDICTION AND VENUE

1.     Crabtree & Evelyn admits Paragraph 1 of the Jurisdiction and Venue section of the Amended Complaint alleges that this is an action arising under the patent laws of the United States,

Title 35 of the United States Code, but denies the merits of such action. Crabtree & Evelyn also admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Crabtree & Evelyn admits that it has a website and has solicited business in the district. However, Crabtree & Evelyn denies that its website comprises infringing methods or systems which are at least used in and/or accessible in this forum. Crabtree & Evelyn denies the remaining allegations contained in Paragraph 1 of the Jurisdiction and Venue section of the Amended Complaint.

2.      Crabtree & Evelyn admits that the statutory requirements for venue under 28 U.S.C. §§ 1391(b)-(c) and 1400 are met. However, while venue may be had in the Eastern District of Texas, this forum is inconvenient and burdensome for Crabtree & Evelyn. Crabtree & Evelyn admits that it has a website and has solicited business in the district. However, Crabtree & Evelyn denies that its website comprises infringing methods or systems which are at least used in and/or accessible in this forum. Crabtree & Evelyn denies the remaining allegations contained in Paragraph 2 of the Jurisdiction and Venue section of the Amended Complaint.

## ANSWER TO COUNT 1

## ALLEGATION OF INFRINGEMENT OF U.S. PATENT NO. 5,930,474

3.      Crabtree & Evelyn admits that United States Patent No. 5,930,474 (the "`474 Patent") is titled "Internet Organizer for Accessing Geographically and Topically Based Information," and, that according to the face of the `474 Patent was apparently issued by the United States Patent and Trademark Office on July 29,1999. Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of Count I to the Amended Complaint, and therefore denies the same.

4.      Paragraph 4 of Count I to the Amended Complaint states legal conclusions to which no response is required.  To the extent that an answer is required, Crabtree & Evelyn denies the allegations contained in Paragraph 4 of the Answer to Count 1.

5.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 5 of Count I to the Amended Complaint and therefore denies those allegations.

6.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 6 of Count I to the Amended Complaint and therefore denies those allegations.

7.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 7 of Count I to the Amended Complaint and therefore denies those allegations.

8.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 8 of Count I to the Amended Complaint and therefore denies those allegations.

9.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 9 of Count I to the Amended Complaint and therefore denies those allegations.

10.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 10 of Count I to the Amended Complaint and therefore denies those allegations.

11.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 11 of Count I to the Amended Complaint and therefore denies those allegations.

12.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 12 of Count I to the Amended Complaint and therefore denies those allegations.

13.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 13 of Count I to the Amended Complaint and therefore denies those allegations.

14.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 14 of Count I to the Amended Complaint and therefore denies those allegations.

15.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 15 of Count I to the Amended Complaint and therefore denies those allegations.

16.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 16 of Count I to the Amended Complaint and therefore denies those allegations.

17.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 17 of Count I to the Amended Complaint and therefore denies those allegations.

18.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 18 of Count I to the Amended Complaint and therefore denies those allegations.

19.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 19 of Count I to the Amended Complaint and therefore denies those allegations.

20.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 20 of Count I to the Amended Complaint and therefore denies those allegations.

21.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 21 of Count I to the Amended Complaint and therefore denies those allegations.

22.     Denied.

23.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 23 of Count I to the Amended Complaint and therefore denies those allegations.

24.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 24 of Count I to the Amended Complaint and therefore denies those allegations.

25.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 25 of Count I to the Amended Complaint and therefore denies those allegations.

26.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 26 of Count I to the Amended Complaint and therefore denies those allegations.

27.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 27 of Count I to the Amended Complaint and therefore denies those allegations.

28.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 28 of Count I to the Amended Complaint and therefore denies those allegations.

29.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 29 of Count I to the Amended Complaint and therefore denies those allegations.

30.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 30 of Count I to the Amended Complaint and therefore denies those allegations.

31.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 31 of Count I to the Amended Complaint and therefore denies those allegations.

32.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 32 of Count I to the Amended Complaint and therefore denies those allegations.

33.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 33 of Count I to the Amended Complaint and therefore denies those allegations.

34.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 34 of Count I to the Amended Complaint and therefore denies those allegations.

35.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 35 of Count I to the Amended Complaint and therefore denies those allegations.

36.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 36 of Count I to the Amended Complaint and therefore denies those allegations.

37.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 37 of Count I to the Amended Complaint and therefore denies those allegations.

38.     Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 38 of Count I to the Amended Complaint and therefore denies those allegations.

39.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 39 of Count I to the Amended Complaint and therefore denies those allegations.

40.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 40 of Count I to the Amended Complaint and therefore denies those allegations.

41.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 41 of Count I to the Amended Complaint and therefore denies those allegations.

42.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 42 of Count I to the Amended Complaint and therefore denies those allegations.

43.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 43 of Count I to the Amended Complaint and therefore denies those allegations.

44.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 44 of Count I to the Amended Complaint and therefore denies those allegations.

45.      Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations Paragraph 45 of Count I to the Amended Complaint and therefore denies those allegations.

46.     Paragraph 46 of Count I to the Amended Complaint does not require a response by Crabtree & Evelyn.  To the extent any response is necessary, Crabtree & Evelyn denies it has committed any act of infringement, willful or otherwise.

47.     To the extent directed toward Crabtree & Evelyn, Crabtree & Evelyn denies the allegations of Paragraph 47 of Count I of the Amended Complaint.  With respect to the other Defendants, Crabtree & Evelyn lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Count I to the Amended Complaint and therefore denies those allegations.

## ANSWER TO PRAYER FOR RELIEF

1.     Crabtree & Evelyn denies that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 6 of its Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.     Without conceding that any of the following necessarily must be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Crabtree & Evelyn's right to plead additional defenses as discovery into the facts of the matter warrant, Crabtree & Evelyn hereby asserts the following defenses. Crabtree & Evelyn specifically reserves the right to amend its defenses further as additional information is developed through discovery or otherwise.

*Crabtree & Evelyn, Ltd.'s Answer, Defenses and Counterclaims in Response to*
*Plaintiff Geotag's First Amended Complaint*

## FIRST AFFIRMATIVE DEFENSE

### Noninfringement

2.      Crabtree & Evelyn has not infringed any valid claim of the `474 Patent either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### Patent Invalidity

3.      Each and every claim of the `474 Patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## THIRD AFFIRMATIVE DEFENSE

### Prosecution History Estoppel/Prosecution Disclaimer

4.      Prosecution history estoppel and/or prosecution disclaimer preclude any finding of infringement.

## FOURTH AFFIRMATIVE DEFENSE

### Limitation on Damages

5.      The Plaintiff's claim for relief and damages are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## FIFTH AFFIRMATIVE DEFENSE

### Laches/Equitable Estoppel

6.      Plaintiff's claims against Crabtree & Evelyn are barred in whole or in part by one or more of the equitable doctrines of laches and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### Failure to State a Claim

7.      Plaintiff has failed to state a claim upon which relief can be granted.

8.      Crabtree & Evelyn reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case, including without limitation any applicable defenses asserted by any other defendant in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### No Injunctive Relief

9.      Plaintiff is not entitled to injunctive relief for any alleged infringement because any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy at law for any alleged injury.

## COUNTERCLAIMS

In further response to the Complaint by Geotag, Crabtree & Evelyn asserts the following Counterclaims against Geotag.

## PARTIES

1.      Counterclaimant Crabtree & Evelyn, Ltd. ("Crabtree & Evelyn") has its principal place of business in Woodstock, Connecticut.

2.      On information and belief, Geotag, Inc. ("Geotag") is a Delaware corporation with a principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201-02.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 2201, 2202, 1331 and 1338.

4.      By filing the Complaint, Geotag has consented to the personal jurisdiction of this Court.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6.      In view of the filing by Geotag of this suit and Crabtree & Evelyn's defenses, there exists an actual and justiciable controversy between the parties regarding the validity, and alleged infringement by Crabtree & Evelyn of the `474 Patent.

## COUNT I

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,930,474

7.      Crabtree & Evelyn incorporates by reference the allegations contained in paragraphs 1 to 6 of its Counterclaims.

8.      An actual controversy exists between the parties with respect to the invalidity of the `474 Patent.

9.      Although Geotag alleges in its Amended Complaint that the `474 patent was duly and legally issued by the United States Patent and Trademark Office after full and fair examination, each and every claim of the `474 Patent is invalid for failure to comply with the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT II

### Declaratory Judgment of Noninfringement of U.S. Patent No. 5,930,474

10.     Crabtree & Evelyn incorporates by reference the allegations contained in paragraphs 1 to 6 of its Counterclaims.

11.     An actual controversy exists between the parties with respect to the alleged infringement of the `474 Patent.

12.     Although Geotag alleges in its Complaint that Crabtree & Evelyn has infringed the claims of the `474 Patent, Crabtree & Evelyn has not infringed any claim of the `474 Patent.

## DEMAND FOR JURY TRIAL

Crabtree & Evelyn hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Crabtree & Evelyn prays for the following relief:

A.     That Geotag's claims against Crabtree & Evelyn be dismissed with prejudice and that Geotag take nothing by way of its Complaint;

B.     That judgment be rendered in favor of Crabtree & Evelyn;

C.     For a declaration that Crabtree & Evelyn has not infringed any claim of the `474 Patent;

D.     For a declaration that each and every claim of the `474 Patent is invalid;

E.     For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding Crabtree & Evelyn its reasonable attorneys' fees;

F.     That Crabtree & Evelyn be awarded its costs of suit incurred in this action; and

G.    For such other and further relief as the Court deems just and proper.

*Crabtree & Evelyn, Ltd.'s Answer, Defenses and Counterclaims in Response to*
*Plaintiff Geotag's First Amended Complaint*

Dated: March 19, 2012

Respectfully submitted,

*/s/ Avelyn M. Ross*
Willem G. Schuurman (TX Bar No. 17855200)
Avelyn M. Ross (TX Bar No. 24027871)
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8400
Fax: (512) 542-8612
bschuurman@velaw.com
aross@velaw.com

**Attorneys for Crabtree & Evelyn, Ltd.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 19, 2012. Any other counsel of record will be served by first class mail on this same date.

*/s/ Avelyn M. Ross*

US 1311393v.1

*Crabtree & Evelyn, Ltd.'s <u>Answer</u>, Defenses and Counterclaims in Response to
Plaintiff Geotag's First Amended Complaint*